# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AURORA T. KALIMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-384-GBW |
| | ) | |
| DALE LOWE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Plaintiff Aurora T. Kalima, who is currently housed at the Howard R. Young Correctional Institution (HRYCI) in Wilmington, Delaware, filed a complaint *pro se* and a motion to proceed *in forma pauperis*. (D.I. 1, 4.) The Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 6.) This case is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). At this early stage of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether Plaintiff's filing, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the complaint, Plaintiff is a transgender woman living with post-traumatic stress disorder (PTSD), which she has effectively treated with tetrahydrocannabinol (THC), but Plaintiff has been denied medical marijuana or THC while in custody. (D.I. 1 at 3.) On unknown dates, at an unspecified location, unspecified Delaware Department of Correction (DDOC) officers provided Plaintiff with contraband THC in exchange for sex acts. (*Id.*) Additionally, on unknown dates at an unknown location, Plaintiff's therapist, identified as Erin, told Plaintiff that DDOC and its medical services provider do not offer treatment for post-traumatic stress disorder (PTSD). (*Id.*) Plaintiff sought transfer to a women's facility that offered PTSD treatment, but the request was denied. (*Id.* at 3-4.) The complaint faults Staff Lt. Dean J. Blades, Traci Coleman, Morgan B. Kapela, and Dale Lowe for failing to provide Plaintiff with PTSD treatment. (*Id.* at 4-5.) The complaint also faults Mike Records for his involvement in the grievance and appeals process. (*Id.* at 5.) Based on the foregoing, Plaintiff seeks $250,000 in monetary damages, coverage of legal fees and costs, and injunctive relief to prevent retaliation, transfer Plaintiff to a women's facility, treatment of Plaintiff's PTSD, and to provide Plaintiff with THC. (*Id.* at 5.)

Upon review, the complaint fails to state a claim upon which relief may be granted. Plaintiff will be afforded the opportunity to amend the complaint to remedy the deficiencies discussed below. To bring a claim against DDOC officers for giving

Plaintiff contraband in exchange for sex acts, the officers must be named as Defendants, and the facts alleged should at least include a location and timeframe or approximate dates. The Court notes that Plaintiff has included sexual assault allegations in other civil actions. Sex-based claims alleged in this action should only be amended if they are not duplicative, as duplicative claims must be dismissed.

To bring a claim against Defendants Blades, Colemen, Erin, Kapela, and Lowe for denying Plaintiff PTSD treatment, the facts alleged should include a location and timeframe or approximate dates, and the specific, personal involvement of each Defendant must be explained. If Plaintiff was merely denied medical marijuana or THC and was receiving other forms of treatment for PTSD, Plaintiff will not be able to state a claim on this basis. The Court affords considerable deference to a provider's medical judgment in treating an inmate's medical condition, *see Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979), and mere disagreement regarding the appropriate course of treatment or medication does not violate the Eighth Amendment, *see Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d. Cir. 1987); *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

Amendment appears futile for claims against Defendant Records arising from involvement in the grievance and appeals process. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not

3

treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Relatedly, when "a prison grievance examiner becomes aware of potential mistreatment, the Eighth Amendment does not require him or her to do more than review the prisoner's complaints and verify with the medical officials that the prisoner was receiving treatment." *James v. Pennsylvania Dep't of Corr.*, 230 F. App'x 195, 198 (3d Cir. 2007) (internal quotation marks omitted) (internal alterations omitted).

AND NOW, this 27th day of June, based on the foregoing, IT IS HEREBY ORDERED:

1. The complaint (D.I. 1) is **DISMISSED without prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff is **GRANTED** leave to file an amended complaint no later than July 29, 2025, in accordance with this Memorandum Order. **Failure by Plaintiff to file an amended complaint on or before July 29, 2025 may result in case closure.**

_____
The Honorable Gregory B. Williams
United States District Judge